## KARN v PEOPLES SAVINGS BANK

Ohio Appeals, 2nd Dist, Shelby Co

No 83. Decided Dec 11, 1931

A. Alvin North, Joseph Sharts, Dayton, for plaintiff in error.

George W. Porter, Greenville, Royan G. Hass, for defendant in error.

BY THE COURT

The sole question therefore, is whether there is error in the record in the ruling out of the testimony proposed to be offered on behalf of Karn or whether there is sufficient in the location and appearance of the signatures upon the note to justify the inference or make competent the evidence offered on behalf of Karn, that the said Karn signed as agent of the principal debtor and not as co-maker or surety. Karn was placed upon the witness stand and testified that he was president of the company having been elected previously and that the company had not re-elected its officers before the signing of this note. Karn further testified that his name appeared among the list as next to the last signature. The question was then asked Karn as to whether or not all the parties signing individually were stock holders of the Economy Store Company and he answered, "Yes, sir". He was then asked this question:

"Q. I will ask you directly, Mr. Karn, whether it was your own understanding, or whether from any suggestion made, you intended to bind yourself individually when you signed this note?

Mr. Porter: I object.

The Court: Objection sustained.

To which ruling of the Court plaintiff through his counsel then and there excepted. Thereupon plaintiff, through his counsel submitted the following offer of proof: If permitted to answer his answer would be that he did not sign his individual liability.

Mr. North: I offer the note in evidence.

The Court: It may be admitted.

Mr. North: Under the stated view of the Court I feel I have made myself plain and stand ready to call Mr. Metzger and those other witnesses to the same point so far as it might be relevant to this record. As the Court thinks it is not competent evidence I think I am through with my petition.

The Court: Then I am to understand that the record may show that your statement made this morning and the evidence you have sought to introduce, show the whole and only reasons why you want this judgment opened up?"

The original note was offered in evidence. This note shows that "we jointly and severally promise to pay" indicating several promises. The trial court did not state the contention upon which the case was

decided. It may have been upon the theory that the note was executed by the signature of the company evidenced by the signature of Metzger. This would be corroborated by the fact that Metzger signed for the company and also signed again as co-maker; that Karn although the president of the company signed the note the next to the last name among the list of so called individual signers. The parties in this case are not in the same position as if a suit had been brought upon this note and the liability was an open one. The judgment although rendered by confession arises out of the signing of the note and the liability thereon. In the case of **McCullough vs. Luteman, 15 Oh Ap, 207** and 210 appears a statement of the rule as to the presumption in favor of the original judgment:

"Yet we hold the fixed rule to be that every reasonable presumption is in favor of the validity of the judgment, whether taken as process issued or by confession or warrant of attorney; and no presumption of irregularity or fraud attaches to such judgment, but the claim, if established must be by at least the weight of the evidence in favor of the attacking party. After all, the question as to the vacation of a judgment addresses itself in most cases to the sound discretion of the chancellor and such action will not be disturbed by a reviewing court except for a clear abuse of such discretion."

The trial court must have taken the view that these signatures exclusive of the first signature of the note were sufficient to justify the contention that they were parties to the cognovit judgment as co-makers and the Court of Common Pleas having so found this court has no right to/ disturb the judgment in the absence of a showing that the trial court abused its discretion. Besides, Karn comes into this Court with a proceeding in error addressed only to the Peoples Savings Bank. The other parties are not parties to the proceedings so that whatever judgment might be rendered in this case can not be used in favor of the other defendants. If Karn should be released by the action of this Court it would injuriously effect the other co-makers who signed the note and were parties in the Court of Common Pleas. The reversal of this judgment under the circumstances of this case would put an additional burden upon the other co-defendants and we feel that the plaintiff in not including his co-defendants in the Court below would if a reversal was entered secure an advantage by the reversal over the defendants who are not parties. We do not

find that any grounds are shown for a judgment of reversal.

Judgment affirmed.

ALLREAD, PJ and KUNKLE, J., concur.

HORNBECK, J: I concur in the judgment on the proposition that there are insufficient parties defendant in the error proceedings.